# EXHIBIT A

COPY

Citation for Personal Service - NON-RESIDENT NOTICE

Lit. Seq. # 5.002.01

RECEIVED
NOV 26 2007
C.R. BARD, INC.
LAW DEPT.

No. 07-62475-00-0-1

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
C.R. BARD INC.
REGISTERED AGENT, STEPHEN J. LONG
730 CENTRAL AVENUE
MURRAY HILL, JEW JERSEY 07974
the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION
AND CIVIL CASE INFORMATION SHEET

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 1 of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PETITION was filed on NOVEMBER 06, 2007. A copy of same accompanies this citation.

The file number of said suit being No. 07-62475-00-0-1.
The style of the case is:

HUERTA, MARIA
VS.
C.R. BARD INC., ET AL

Said petition was filed in said court by JESUS SOTELO (Attorney for PLAINTIFF), whose address is P.O. BOX 763, PHARR, TEXAS 78577-1615

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 9th day of NOVEMBER, A.D. 2007.

COUNTY & DISTRICT COURTS OF NUECES COUNTY, TEXAS

PATSY PEREZ, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: [signature], Deputy
ROSE GARZA

RETURN OF OFFICER

Came to hand the _____ day of ___________, ______, at ______ o'clock __ M., and executed (not executed) on the _____ day of ___________, _____, by delivering to ______________________________ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the ______________________________.

Cause of failure to execute this citation is: ______________________________

FEES serving 1 copy

Total........ $___________

Fees paid by: ____________________

______________________________
Sheriff/constable ______________ County,

By ______________________________ Deputy

AUTHORIZED PERSON RETURN

Came to hand at Sent out Certified Mail o'clock __ M., on the 20 day of Nov, 2007.

Executed at 1730 Central Ave Murray Hill New Jersey in ______________ County, Texas at Certified Mail o'clock __ M., on the _____ day of ___________, _____, by ~~delivering~~ Certified Mail to C.R. Bard Inc. Registered Agent, Stephen J. Long defendant, in person, a true copy of the Citation together with the accompanying ______ copy(ies) of the Plantiffs Original Petition Petition attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of ___________, _____.

______________________________

______________ County, Texas

by [signature]
Process Server

Paula Salazar
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 20th day of November, 2007.

Fred A. Garza
Notary Public - State of Texas
in and for Texas

Commission expires: July 18, 2011

FRED ARTHUR GARZA
MY COMMISSION EXPIRES
JULY 18, 2011

CAUSE NO.: 07-62451

| | | |
|---|---|---|
| MARIA HUERTA<br>*Plaintiff* | § | IN THE COUNTY COURT |
| VS. | § | AT LAW # 1 |
| C.R. BARD INC. and<br>DAVOL INC.<br>*Defendants* | § | NUECES COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIA HUERTA, (hereinafter referred to as "PLAINTIFF"), complaining of DAVOL INC. (hereinafter referred to as "DAVOL") and C.R. BARD, INC. (hereinafter referred to as "BARD") (collectively referred to as "DEFENDANTS") and for cause of action would respectfully show the Court and jury as follows:

## I. DISCOVERY PLAN

PLAINTIFF intends to conduct discovery under Level II of the Texas Rules of Civil Procedure Section 190.

## II. PARTIES

PLAINTIFF is an individual and a resident and citizen of Corpus Christi, Nueces County, Texas.

DEFENDANT, C.R. Bard is a New Jersey Corporation duly authorized to do business in Texas, and may be served with process by serving, Stephen J. Long. Service of said Defendant can be affected by certified mail, return receipt requested at 730 Central Avenue, Murray Hill, New Jersey 07974, the mailing address of DEFENDANT, C.R. Bard; Inc.

FILED-PATSY PEREZ
2007 NOV -5 AM 11:05

Defendant can be affected by certified mail, return receipt requested, at 100 Sockanossett Crossroad, Cranston, Rhode Island, the mailing address of DEFENDANT, Davol Inc.

The amount of controversy is within the jurisdictional limits of this Court. Venue is proper in Nueces County, Texas. Specifically PLAINTIFF resided in this county at the time the cause of action occurred. Davol is a foreign corporation with its principal place of business in Rhode Island, and is responsible for designing, manufacturing and selling the defective product in Nueces County, Texas. Defendant operates a location in McAllen, Hidalgo County, Texas. C.R. Bard is a foreign corporation, with its principal place of business in New Jersey and is responsible for designing, manufacturing and selling the defective product in Nueces County, Texas.

## III. SUMMARY OF FACTS

This is a products liability cause of action which arises from the design, manufacturing, and marketing defects of a *Kugel Mesh Hernia Patch,* designed, manufactured and marketed by Bard and its subsidiary Davol.

On or approximately November 26, 2001, PLAINTIFF underwent surgery in which a *Kugel Mesh Hernia Patch* was inserted. PLAINTIFF later began experiencing discomfort, abdominal pain and gastrointestinal bleeding. Plaintiff is not able to sleep comfortably, has had severe pain, has suffered rectal bleeding, scratching and burning sensation in her stomach.

On or approximately May of 2007, Plaintiff's surgeon informed Plaintiff that the *Kugal Mesh Hernia Patch* which was inserted in her had in fact been recalled by the Defendants.

On August 28, 2007, Plaintiff underwent surgery to repair the mesh that had been placed to repair a ventral hernia. The old mesh was removed and an oval piece of mesh was sutured in place.

## IV. CAUSES OF ACTION

## LIABILITY OF BARD FOR NEGLIGENCE

Bard produced, distributed, and manufactured a *Kugel Mesh Hernia Patch* that was purchased to insert into PLAINTIFF.

At all times mentioned herein, Bard was engaged in designing, manufacturing, producing, distributing marketing and sale of the *Kugel Mesh Hernia Patch* to the general public throughout the United States, as well as within the State of Texas, and more specifically in Nueces County, Texas through duly appointed medical providers, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

Plaintiff, Maria Huerta, also alleges that the product in question, namely the Kugel Mesh Hernia Patch, was defective and unsafe for its intended purposes at the time it left the control of Bard and at the time it was sold in that it failed in its design to prevent the memory recoil ring from breaking. Due to the unsafe operation of, but not limited to it's memory recoil ring, the product was defectively designed and unreasonably dangerous in that after it is placed into the intra-abdominal wall, the recoil ring can break that can lead to bowel perforations and /or chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

BARD was negligent in the production, distribution, and manufacturing of the product made the basis of this lawsuit. DEFENDANT BARD knew or in the exercise of ordinary care should have known, that the *Kugel Mesh Hernia Patch* inserted therein was defective and unreasonably dangerous to those person likely to use the product for the purpose and in the manner for which it was intended to be used DEFENDANT, BARD was negligent in the

particulars set forth in this and the preceding paragraph and such negligence was a proximate cause of the occurrence in question.

DEFENDANT, BARD knew, or in the exercise of ordinary care should have known, of the means of equipping the *Kugel Mesh Hernia Patch* with a warning to prevent serious injury.

Notwithstanding this knowledge, DEFENDANT, BARD failed to equip the product in question with a warning to prevent serious injury.

DEFENDANT, BARD owed PLAINTIFF the duty of reasonable care when it marketed the product in question. DEFENDANT, BARD owed PLAINTIFF the duty of reasonable care when it designed and manufactured the product in question. DEFENDANT, BARD owed PLAINTIFF the duty of reasonable care when it designed, produced, distributed and manufactured the product made the basis of this lawsuit. DEFENDANT, BARD violated its duty and was negligent in the particulars set forth above.

In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of C.R. BARD INC. including but not limited to one or more of the following respects, or by combination thereof:

A. Failing to properly design said Kugel Mesh Hernia Patch;

B. Failing to properly manufacture said Kugel Mesh Hernia Patch;

C. Failing to inspect said Kugel Mesh Hernia Patch and its attendant equipment;

D. Failing to properly maintain said Kugel Mesh Hernia Patch;

E. Failing to properly warn Plaintiff about the condition of said Kugel Mesh Hernia Patch and its attendant equipment;

F. Negligently inviting, enticing, and/or directing Plaintiff into said Kugel Mesh Hernis Patch.

## LIABILITY OF DAVOL FOR NEGLIGENCE

Bard produced, distributed, and manufactured a *Kugel Mesh Hernia Patch* that was purchased to insert into PLAINTIFF.

At all times mentioned herein, Bard was engaged in designing, manufacturing, producing, distributing marketing and sale of the *Kugel Mesh Hernia Patch* to the general public throughout the United States, as well as within the State of Texas, and more specifically in Nueces County, Texas through duly appointed medical providers, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

Plaintiff, Maria Huerta, also alleges that the product in question, namely the Kugel Mesh Hernia Patch, was defective and unsafe for its intended purposes at the time it left the control of Bard and at the time it was sold in that it failed in its design to prevent the memory recoil ring from breaking. Due to the unsafe operation of, but not limited to it's memory recoil ring, the product was defectively designed and unreasonably dangerous in that after it is placed into the intra-abdominal wall, the recoil ring can break that can lead to bowel perforations and /or chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

DAVOL was negligent in the production, distribution, and manufacturing of the product made the basis of this lawsuit. DEFENDANT DAVOL knew or in the exercise of ordinary care should have known, that the *Kugel Mesh Hernia Patch* inserted therein was defective and unreasonably dangerous to those person likely to use the product for the purpose and in the manner for which it was intended to be used DEFENDANT, DAVOL was negligent in the particulars set forth in this and the preceding paragraph and such negligence was a proximate

cause of the occurrence in question.

DEFENDANT, DAVOL knew, or in the exercise of ordinary care should have known, of the means of equipping the *Kugel Mesh Hernia Patch* with a warning to prevent serious injury.

Notwithstanding this knowledge, DEFENDANT, BARD failed to equip the product in question with a warning to prevent serious injury.

DEFENDANT, DAVOL owed PLAINTIFF the duty of reasonable care when it marketed the product in question. DEFENDANT, DAVOL owed PLAINTIFF the duty of reasonable care when it designed and manufactured the product in question. DEFENDANT, DAVOL owed PLAINTIFF the duty of reasonable care when it designed, produced, distributed and manufactured the product made the basis of this lawsuit. DEFENDANT, DAVOL violated its duty and was negligent in the particulars set forth above.

In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below was a direct and proximate result of the negligence of DAVOL including but not limited to one or more of the following respects, or by combination thereof:

A. Failing to properly design said Kugel Mesh Hernia Patch;

B. Failing to properly manufacture said Kugel Mesh Hernia Patch;

C. Failing to inspect said Kugel Mesh Hernia Patch and its attendant equipment;

D. Failing to properly maintain said Kugel Mesh Hernia Patch;

E. Failing to properly warn Plaintiff about the condition of said Kugel Mesh Hernia Patch and its attendant equipment;

F. Negligently inviting, enticing, and/or directing Plaintiff into said Kugel Mesh Hernis Patch.

**LIABILITY OF BARD BASED ON GROSS NEGLIGENCE**

Further, each of the above and foregoing acts or omissions of DEFENDANT, BARD was more than momentary thoughtlessness, inadvertence, or error of judgment. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of the PLAINTIFF and persons affected by it, and as such constitute gross negligence. PLAINTIFF is entitled to recover judgment against DEFENDANT, BARD for exemplary damages such gross negligence, heedless, and reckless disregard of PLAINTIFF'S rights.

**LIABILITY OF DAVOL BASED ON GROSS NEGLIGENCE**

Further, each of the above and foregoing acts or omissions of DEFENDANT, DAVOL was more than momentary thoughtlessness, inadvertence, or error of judgment. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of the PLAINTIFF and persons affected by it, and as such constitute gross negligence. PLAINTIFF is entitled to recover judgment against DEFENDANT, DAVOL for exemplary damages such gross negligence, heedless, and reckless disregard of PLAINTIFF'S rights.

**LIABILITY OF BARD BASED ON STRICT LIABILITY**

Plaintiff, Maria Huerta, also alleges that the product in question, namely the Kugel Mesh Hernia Patch, was defective and unsafe for its intended purposes at the time it left the control of DAVOL INC. and at the time it was sold in that it failed in its design to prevent ring breakage. Due to the unsafe operation of, but not limited to the facts that the Kugel Mesh Hernia Patch that is held open by a "memory recoil ring" allows for the patch to be folded for insertion and later spring open and lay flat once it is in place, however, the product was defective and unreasonably

dangerous.

A defective Kugel Mesh Hernia Patch is dangerous in that after it is placed into the intra-abdominal wall, the memory recoil ring can break during insertion or while installed, that can lead to bowel perforations and /or chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

Plaintiff also alleges that the product itself was defective and liability results also from that fact alone no matter how much care was applied during design, manufacture, marketing, distribution and sale the defective Mesh proximately caused the injuries suffered by PLAINTIFF.

PLAINTIFF, therefore, invokes the Doctrine of Strict Liability, § 402A, RESTATEMENT (SECOND) OF TORTS, and as adopted by the Supreme Court of Texas.

**LIABILITY OF DAVOL BASED ON STRICT LIABILITY**

Plaintiff, Maria Huerta, also alleges that the product in question, namely the Kugel Mesh Hernia Patch , was defective and unsafe for its intended purposes at the time it left the control of DAVOL INC. and at the time it was sold in that it failed in its design to prevent ring breakage. Due to the unsafe operation of, but not limited to the facts that the Kugel Patch that is held open by a "memory recoil ring" allows for the patch to be folded for insertion and later spring open and lay flat once it is in place, however, the product was defective and unreasonably dangerous. A defective Kugel Mesh is dangerous in that after it is placed into the intra-abdominal wall, the memory recoil ring can break during insertion or while installed, that can lead to bowel perforations and /or chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

Plaintiff also alleges that the product itself was defective and liability results also

from that fact alone no matter how much care was applied during design, manufacture, marketing, distribution and sale the defective Mesh proximately caused the injuries suffered by PLAINTIFF.

PLAINTIFF, therefore, invokes the Doctrine of Strict Liability, § 402A, RESTATEMENT (SECOND) OF TORTS, and as adopted by the Supreme Court of Texas.

**LIABILITY OF DAVOL BASED ON MISREPRESENTATION**

DEFENDANT, DAVOL is also strictly liable to PLAINTIFF under § 402B of the RESTATEMENT (SECOND) OF TORTS, in misrepresenting to the public that its product was safe and without defect; which statement and representation was false and involved a material fact concerning the character or quality of the product in question, and upon which representation the consumer, MARIA B. HUERTA, constructively relied, and which constituted a producing cause of the occurrence in question.

**LIABILITY OF BARD BASED ON MISREPRESENTATION**

DEFENDANT, BARD is also strictly liable to PLAINTIFF under § 402B of the RESTATEMENT (SECOND) OF TORTS, in misrepresenting to the public that its product was safe and without defect; which statement and representation was false and involved a material fact concerning the character or quality of the product in question, and upon which representation the consumer, MARIA B. HUERTA, constructively relied, and which constituted a producing cause of the occurrence in question.

**LIABILITY OF BARD BASED ON BREACH OF IMPLIED OR EXPRESS WARRANTY**

In addition, Defendant DAVOL INC. expressly and impliedly warranted to the public generally, that the Kugel Mesh Hernis Patch was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff

relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

**LIABILITY OF DAVOL BASED ON BREACH OF IMPLIED OR EXPRESS WARRANTY**

In addition, Defendant DAVOL INC. expressly and impliedly warranted to the public generally, that the Kugel Mesh Hernia Patch was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

**LIABILITY OF BARD BASED ON THEORY OF RES IPSA LOQUITER**

Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant, BARD, aside from BARD failure to design the Kugel Mesh Hernis Patch in question in a manner which would have prevented the injuries suffered by Plaintiff , for the reason that facts in that regard are peculiarly within the knowledge of the Defendant, DAVOL INC., and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of Res Ipsa Loquitur.

**LIABILITY OF DAVOL BASED ON THEORY OF RES IPSA LOQUITER**

Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant, DAVOL aside from DAVOL'S failure to design the Kugel Mesh Hernia Patch in question in a manner which would have prevented the injuries suffered by Plaintiff, for the reason that facts in that regard are peculiarly within the knowledge of the Defendant, DAVOL INC., and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of Res Ipsa Loquitur.

## VICARIOUS LIABILITY OF BARD /RESPONDEAT SUPERIOR

At all times material hereto, all of the agents, servants, and/or employees for Defendant, BARD who was connected with the occurrence made the subject of this suit, was acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant DAVOL INC., is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## VICARIOUS LIABILITY OF DAVOL /RESPONDEAT SUPERIOR

At all times material hereto, all of the agents, servants, and/or employees for Defendant, DAVOL INC., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant DAVOL INC., is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## V. CONTRIBUTORY NEGLIGENCE

Nothing Plaintiff, did or failed to do contributed to the cause of the accident that is the basis of this lawsuit.

## VI. PRE-EXISTING CONDITIONS

If it be shown that Plaintiff suffered from pre-existing conditions, Plaintiff pleads that these conditions were aggravated and/or exacerbated by the negligent conduct of Defendants.

## VII. DAMAGES

As a direct result of the incident described above, PLAINTIFF suffered severe personal injuries including rectal bleeding, scratching burning sensation in abdomen, discomfort, and inability to sleep and other bodily injuries. The injuries suffered by Plaintiff had to be operated upon. . Some of these injuries are, in reasonable probability, permanent in nature. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by PLAINTIFF for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Nueces County, Texas;

B. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past;

H. Physical impairment which, in all reasonable probability, will be suffered in the future;

I. Loss of earnings in the past;

J. Loss of earning capacity, which will, in all probability, will be incurred in the future;

K. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

L. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

M. Disfigurement in the past;

N. Disfigurement in the future;

O. Gained excessive body weight; and,

P. Cost of medical monitoring and prevention in the future.

Q. Loss of household services in the past;

R. Loss of household services in the future.

**PUNITIVE DAMAGES**

The negligence of DEFENDANTS BARD and DAVOL as set out above, was of such character as to make DEFENDANTS, guilty of gross negligence. The actions of DEFENDANTS constitute such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the PLAINTIFF and foreseeable dangers of the *Kugel Mesh Hernia Patch* for which DEFENDANTS, are liable for exemplary damages, and award of damages to serve as an example to others and as a penalty or by way of punishment to DEFENDANTS, in excess of the minimum jurisdictional limits of this Court.

Defendants acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

Defendants also had a specific intent to cause substantial injury or harm to the Plaintiff.

Plaintiff also alleges that Defendant's false misrepresentations would show that on the occasion in question Defendants made certain representations to Plaintiff and the public with the

intention of inducing the Plaintiff to rely upon such representations when Defendants knew such representations were false. Plaintiff would show that Plaintiff relied upon such representations believing them to be true and suffered severe damages as a result.

Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants C.R. BARD INC. and DAVOL INC.

## TOTAL DAMAGES SOUGHT

Plaintiff alleges that her damages are at least a total sum of one million dollars and two and a half million dollars which is in the jurisdictional limits of this Court. Furthermore, Plaintiff specifically reserves the right to amend and plead as their conditions shall so indicate.

## PRAYER

WHEREFORE, PLAINTIFF prays that DEFENDANTS DAVOL AND BARD be duly cited to appear and answer this complaint and that upon a final trial of this cause, PLAINTIFF recovers:

1. judgment against DEFENDANTS, DAVOL AND BARD, jointly and severally, for PLAINTIFF'S damages as set forth above in an amount within the jurisdictional limits of this Court;
2. judgment for exemplary damages against DEFENDANTS, DAVOL AND BARD, jointly and severally, for PLAINTIFF'S damages as set forth above in an amount within the jurisdictional limits of this Court;
3. prejudgment interest on PLAINTIFF'S damages as allowed by law;
4. interest on said judgment at the legal rate permitted by law;
5. costs of the court; and,
6. such other and further relief to which PLAINTIFF may be entitled to.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Respectfully submitted,

JESUS SOTELO & ASSOCIATES, PLLC
ATTORNEY AT LAW

P.O. Box 763
Pharr, Texas 78577-1615
Telephone: (956) 283-8484
Facsimile: (956) 283-8811

By: ______________________
Jesus "Jesse" Sotelo
Texas Bar No.: 18855725
*Attorney for Plaintiff*

# PATSY PEREZ

Nueces County District Clerk
Telephone 361 888-0450 Fax 888-0571

| | | |
|---|---|---|
| 901 Leopard Street, Room 313<br>Corpus Christi, Texas<br>78401 | STATE OF TEXAS · COUNTY OF NUECES (seal) | P.O. Box 2987<br>Corpus Christi, Texas<br>78403 |

***CAUSE NUMBER:*** 07-62475-1

Maria Huerta
Plaintiff

NUECES COUNTY DISTRICT COURT ____

C.R. Bard Inc. and Davol Inc.
Defendant

NUECES COUNTY COURT AT LAW 1

## CIVIL CASE INFORMATION SHEET

*This form must be completed and filed with every original petition and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed six (6) months from filing will be eligible for dismissal for want of prosecution.*

TYPE OF ACTION: CHECK ALL CLAIMS PLED: ☐ Commercial ☑ Personal Injury ☐ Death ☐ Other : ____________

| | | | |
|---|---|---|---|
| ☐ Account Due | ☐ Admiralty | ☐ Discrimination | ☐ Auto |
| ☐ Employment Discharge | ☐ Fraud | ☐ Malpractice/Medical | ☐ Tax |
| ☐ Injunction/TRO | ☐ DTPA | ☐ Malpractice/Legal | ☐ Forfeiture |
| ☐ Contract | ☐ Note | ☐ Malpractice/Other | ☐ Occupational License |
| ☐ Foreclosure | ☐ Premises Liability | ☐ Workers Compensation | ☐ Disbarment |
| ☐ Garnishment | ☐ Railroad | ☐ Malicious Prosecution | ☐ Sequestration |
| ☐ Conspiracy | ☐ False Imprisonment | ☐ Trespass | ☐ Judgment Nisi |
| ☐ Product Liability | ☐ Post Judgment | ☐ Ins. Bad Faith | ☐ Real Estate |
| ☐ Business Dissolution | ☐ Expunction | ☐ Name Change | ☐ Declaratory Judgment |
| ☐ Asbestos | ☐ Assault | ☐ Dram Shop | ☐ Bill of Review |
| ☐ Defamation | ☐ Deed Restriction | ☐ Environmental Tort | ☐ Silicone Implant |
| ☐ Other : ____________ | | | |

Has this dispute previously been in the Nueces County Courts? ☐ No ☐ Yes, in the following court ____

Monetary damages sought: ☐ less than $50,000 ☐ greater than $50,000

Desired discovery level: ☐ Level 1 (TRCP 190.2) ☑ Level 2 (TRCP 190.3) ☐ Level 3 (TRCP 190.4)*

**A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt.o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such plan by separate motion id.*

Estimate time needed for discovery: ☐ 0-3 months ☐ 4-6 months ☑ 7-12 months ☐ other

Is there likelihood of experts other than treating physicians or experts on attorney's fees? ☑ Yes ☐ No

Is immediate ADR requested? ☐ Yes ☑ No

Signature of attorney or pro se filing this cover sheet: ____________

Printed name of attorney or pro se filing this cover sheet: ____________

Phone Number: 956 283-8484 Bar Number: 18855725

*For court use only Tract assigned ☐ Track 1 ☐ Track 2 ☐ Track 3*

*Court coordinator* ____________ *Date:* ____________

7003 3110 0004 5330 2075

UNITED STATES POSTAL SERVICE

0000 07974

U.S. POSTAGE
PAID
MCALLEN, TX
78501
NOV 21, 07
AMOUNT
$4.29
00016906-06

FROM: JESUS SOTELO & ASSOCIATES
P.O. BOX 763
PHARR, TEXAS 78577-0763

TO: C.R. BARD INC.
REGISTRED AGENT, **STEPHEN J. LONG**
730 CENTRAL AVE.
MURRAY HILL, NEW JERSEY 07974

RECEIVED
NOV 26 2007
C.R. BARD, INC.
LAW DEPT