**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **Maria Huerta** | § | |
| **v.** | § | **CIVIL ACTION NO. CA-C-07-463** |
| **C. R. Bard, Inc. et al** | § | |

**ORDER FOR CONFERENCE**
**AND**
**DISCLOSURE OF INTERESTED PARTIES**

1. Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before:

**Hayden Head, Chief Judge**
**on February 20, 2008 at 9:15 a.m**
**in the Third Floor Courtroom, 310**
**United States District Courthouse**
**1133 N. Shoreline**
**Corpus Christi, Texas**

2. Counsel shall file with the clerk within 15 days from receipt of this order a certificate listing all persons, associations of persons, firms, partnership, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4. Discovery by agreement may proceed before Initial Pretrial Conference, Fed. R. Civ. P. 26 (d) the parties are ORDERED to exchange initial disclosures BEFORE conferring, preparing, and filing a joint report of meeting and joint discovery/case management plan

containing the information required on the attached form. The joint report must be filed not less than 10 days prior to the initial pretrial conference.

5. The court will enter a scheduling order and may rule on any pending motions at the conference. The attached scheduling order is a suggestion of dates sent by the Court for review by the parties.

6. Counsel who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

7. Attendance by an attorney who has authority to bind the party is required at the conference.

8. A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

9. In order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, all parties must comply with General Order 2003-4 by refraining from including, or redacting where inclusion is necessary, the following personal identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper form, unless otherwise ordered by the Court:

   a. Social Security Numbers. If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.

   b. Names of minor children. If the involvement of a minor must be mentioned, only the initials of that child should be used.

   c. Dates of birth. If an individual's date of birth must be included in a pleading, only the year should be used.

   d. Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.

   General Order 2003-4 does not apply to social security and financial account numbers in Bankruptcy Court filings, and does not apply to any cases brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

10. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

*By Order of the Court*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Instructions for the Preparation of the**
**Joint Report of the Meeting & Joint Discovery/Case Management Plan**
**Under Rule 26, Federal Rules of Civil Procedure**

Rule 26, F.R.C.P., is applicable in this district and division. This Rule provides for required disclosures and discovery planning. The parties are ordered to familiarize themselves with Rule 26 and to prepare a report of their meeting and a case management plan required by that Rule. Please restate the instruction before furnishing the information.

1. State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

3. Briefly describe what this case is about.

4. Specify the allegation of federal jurisdiction.

5. Name the parties who disagree and the reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C. When and to whom the defendant anticipates it may send interrogatories.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    E. Of whom and by when the defendant anticipates taking oral depositions.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

13. State the date the planned discovery can reasonably be completed.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

19. Specify the number of hours it will take to present the evidence in this case

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21. List other pending motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

____________________________ ____________________________

Counsel for Plaintiff(s) Date

____________________________ ____________________________

Counsel for Defendant(s) Date

BY ORDER OF
HAYDEN HEAD, CHIEF JUDGE

Rev. 7/02

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

§
§
V.
§ Civil Action No. CA-C-
§

## SCHEDULING ORDER

1. **JURY SELECTION/TRIAL IS SET FOR Tuesday, December 15 , 2008, at 9:00 a.m.**, before Chief Judge Hayden Head at the United States District Courthouse, Third Floor Courtroom 310, 1133 N. Shoreline Blvd., Corpus Christi, Texas. If the parties prepare this case for trial sooner than this date, a joint pretrial order may be prepared and filed with a joint motion stating that the case is ready for trial and that an earlier trial date is requested.
2. **FINAL PRETRIAL CONFERENCE IS SET FOR Thursday, December 11 , 2008, at 1:30 p.m.** before Chief Judge Hayden Head at the United States District Court, Third Floor Courtroom 310, 1133 N. Shoreline Blvd., Corpus Christi, Texas. The attorney-in-charge for each party is required to be present.
3. **THE ORIGINAL AND ONE COPY OF YOUR JOINT PRETRIAL ORDER SHALL BE FILED NO LATER THAN December 1, 2008**. This satisfies the requirement of FRCP 26 (a)(3). Plaintiff will be responsible for the filing of a joint pretrial order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas (2000). Plaintiff shall allow all parties at least **fifteen (15) working days** for review and contribution. A motion for leave to file a joint pretrial order without the signature of all counsel must be made, showing good cause, to obtain authority to file a pretrial order without all required signatures. Differences

of the parties with respect to any matter relevant to a pretrial order will be set forth in the joint pretrial order at the appropriate place. Willful or indifferent failure to submit a well-prepared joint pretrial order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

4. **EXCEPT FOR GOOD CAUSE SHOWN, THE DEADLINE FOR FILING DISPOSITIVE MOTIONS IS September 25, 2008**. Failure to respond timely will be considered by the Court as if the motion is unopposed, and the motion may be granted. Legal memoranda greater in length than 25 pages will **NOT** be filed without leave of Court. If deposition testimony is attached as an exhibit, it shall be submitted in the "condensed" or "mini-script" format, i.e.: 4 pages to one page. No reply to the opposition to a motion will be filed by movant without leave of Court on good cause.

5. The provisions of the **JOINT DISCOVERY/CASE MANAGEMENT PLAN** are hereby adopted.

6. **THE DEADLINE FOR JOINDER OF PARTIES IS March 24, 2008. THE DEADLINE FOR AMENDMENT OF PLEADING IS August 25, 2008.** This provision does not relieve the parties from obtaining leave to file pleading or add parties whenever required by the Federal Rules of Civil Procedure.

7. **DISCOVERY** shall end on **September 25, 2008**. **DESIGNATION OF EXPERTS**, by all parties, are due **June 23, 2008**. **RESPONSIVE EXPERTS** are due **20 DAYS** prior to the Discovery deadline. Responsive experts will not be limited to rebuttal testimony. **Written Reports** that fully comply with Federal Rules of Civil Procedure 26 (a)(2)(B) shall be due at the time of designation of each expert. Parties are ordered to file only proposed witnesses with Court, pursuant to Federal Rules of Civil Procedure 26, but **NOT** reports or other discovery materials. Hearings on expert testimony and/or qualifications (i.e. Daubert and Markman) shall be requested no later than the deadline for discovery.

8. All pleadings, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court, **IN PLEADING FORM**, not correspondence form, through the United States District Clerk in Corpus Christi, Texas:

United States District Clerk
Corpus Christi Division
Southern District of Texas

1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

You are requested **<u>NOT</u>** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

ORDERED this ___________________ day of __________________________, 2007.

_______________________________________
HAYDEN HEAD
CHIEF JUDGE

Rev. 6/03